

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-2-2005

# Onohi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3239

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Onohi v. Atty Gen USA" (2005). *2005 Decisions.* Paper 753.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/753

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 04-3239 and 04-4091
_____

UDUEBOR ONOHI,
Petitioner

v.

ALBERTO R. GONZALES,[*]
Attorney General of the United States,
Respondent

_____

On Petition for Review from the
Orders of the Board of Immigration Appeals
(Board No. A75 874 469)

_____

Submitted Under Third Circuit LAR 34.1(a)
June 30, 2005

Before: NYGAARD**, SMITH and FISHER, *Circuit Judges*.

(Filed: August 2, 2005 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

_____

[*]Attorney General Alberto R. Gonzales has been substituted for former Attorney General John Ashcroft, the original respondent in this case, pursuant to Fed. R. App. P. 43 (c).

** Honorable Richard L. Nygaard assumed senior status on July 9, 2005

This case presents an appeal from the Board of Immigration Appeals' ("BIA") denial of petitioner Uduebor Onohi's ("Onohi") application for adjustment of status and the denial of his subsequent Motion to Reopen and Reconsider. We will affirm the BIA's denial of both the application and the motion.

## I. Standard of Review

We review the BIA's decision denying Onohi's application for adjustment of status for substantial evidence. *See Dia v. Ashcroft*, 353 F.3d 228, 248 (3d Cir. 2003) (en banc). "Substantial evidence is more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . .'" *Id.* (quoting *N.L.R.B. v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 399 (1939)). "We will uphold the findings of the BIA to the extent that they are supported by reasonable, substantial and probative evidence on the record considered as a whole, and will reverse those findings only if there is evidence so compelling that no reasonable factfinder could conclude as the BIA did." *Kayembe v. Ashcroft*, 334 F.3d 231, 234 (3d Cir. 2003). "Our power of review, however, extends only to the decision of the BIA. Therefore, only if the BIA expressly adopts or defers to a finding of the IJ, will we review the decision of the IJ." *Id.* (internal citations omitted).

Our review of the Board's denial of Onohi's Motion to Reopen and Reconsider is for an abuse of discretion. *Korytnyuk v. Ashcroft*, 396 F.3d 272, 282 (3d Cir. 2005). The

2

Board abuses its discretion when it applies an incorrect legal principle or makes factual findings that are arbitrary and capricious. *Tipu v. INS*, 20 F.3d 580, 582 (3d Cir. 1994).

## II. Discussion

### A.

As we write only for the parties, we will recite a minimum of facts. Onohi is a native and citizen of Nigeria who was admitted to the United States as a nonimmigrant visitor on or about June 23, 1996. Onohi married United States citizen Debra David Onohi ("Debra Onohi") on March 31, 1997.[1] On May 27, 1998, Onohi's status was adjusted to permanent resident on a conditional basis under INA § 216, 8 U.S.C. § 1186a.

Onohi filed a timely petition to remove the conditions on his permanent resident status, which was received by the Immigration and Naturalization Service ("INS") on March 6, 2000.[2] In connection with this application, on January 28, 2002, Onohi and Debra Onohi were interviewed separately by an INS officer. On January 31, 2002, the INS District Director terminated Onohi's permanent resident status.

On February 15, 2002, the INS issued a Notice to Appear, charging Onohi with being removable under INA § 237(a)(1)(D)(i), 8 U.S.C. § 1227(a)(1)(D)(i), as an alien

---

[1] We note that Petitioner refers to Debra Onohi as his "now ex-wife" in his brief before this Court. Because we find nothing in the record to suggest that the Onohis' divorce had occurred or was known at the time of the BIA's decision, we will assume for purposes of this appeal that it was not.

[2] On March 1, 2003, the INS became a part of the Department of Homeland Security pursuant to *Homeland Security Act of 2002*, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002).

whose conditional permanent resident status had been terminated. In seeking relief from removal, Onohi sought review before the IJ of the District Director's decision to terminate his conditional permanent resident status. On April 11, 2002, Onohi appeared before the IJ, admitted the allegations contained in the notice to appear, conceded the charge of removability, and renewed his application for adjustment of status. On August 23, 2002, Onohi testified before the IJ regarding his marriage to Debra Onohi. The IJ also received testimony from Debra Onohi, her mother, and two of Onohi's friends.

On August 23, 2002, the IJ denied Onohi's application for adjustment of status, finding serious doubt about the likelihood that Onohi and Debra Onohi were married for legitimate reasons. The IJ based his decision largely upon witness testimony which he found to be inconsistent and when not inconsistent, "general and not very persuasive." The IJ also noted a dearth of documentary evidence indicating that Onohi and Debra Onohi had any co-mingling of assets or any other sort of shared life together.

On July 6, 2004, the BIA affirmed the IJ's decision. The BIA also noted the significant inconsistencies in the testimony and lack of documentation supporting a conclusion that Onohi and Debra Onohi intended to create a bona fide marriage. Onohi filed a timely petition for review with this Court on August 5, 2004.

On August 5, 2004, Onohi also filed a Motion to Reopen and Reconsider before the BIA. The BIA denied that motion on September 28, 2004, finding that Onohi failed

4

to present additional legal arguments which could not have been made during the BIA's prior review of his application. Onohi filed a timely petition for review of that decision before this Court on October 22, 2004. On October 26, 2004, we ordered both petitions for review consolidated for purposes of briefing and disposition.

B.

On appeal Onohi first contends that the BIA erred in its decision to deny Onohi's application to adjust his status, arguing that the BIA failed to follow its own procedures in determining the legitimacy of his marriage to Debra Onohi. More specifically, Onohi contends that the IJ focused solely on the inconsistencies in the testimony and documentary record and failed to weigh the consistencies.

Under 8 U.S.C. § 1186a, a nonimmigrant alien may obtain an adjustment of status to that of an alien lawfully admitted to the United States on a conditional basis as a result of the marriage of the nonimmigrant alien to a United States citizen. In general, if the Attorney General determines at any time prior to the second anniversary of the alien's obtaining conditional permanent resident status that the marriage was entered into for the purpose of procuring the alien's admission as an immigrant; that the marriage has been judicially annulled or terminated, other than through the death of a spouse; or that the required petition was procured by fee or other consideration, the permanent resident status of the alien involved will be terminated. 8 U.S.C. § 1186a(b)(1).

In order for the conditional basis of the alien's permanent residency to be removed, the alien spouse and the petitioning spouse must (i) jointly submit to the Attorney General a petition which requests the removal of such conditions and details certain required information, and (ii) appear for a personal interview before an officer or employee of the Service regarding the facts and information given. 8 U.S.C. § 1186a(c)(1). If the Attorney General determines that the facts and information are not true, the parties shall be so notified and the permanent resident status of the alien spouse will be terminated. 8 U.S.C. § 1186a(c)(3)(C). An alien whose permanent resident status is terminated may seek review of this determination in removal proceedings. 8 U.S.C. § 1186a(c)(3)(D). The Attorney General bears the burden of proving, by a preponderance of the evidence, that the facts and information alleged in the petition are not true with respect to the marriage. 8 U.S.C. § 1186a(c)(3)(D).

Our review of the record persuades us that the BIA correctly denied Onohi's application for adjustment of status. Although Onohi asserts that the BIA overlooked many consistencies between his and Debra Onohi's testimony, these consistencies do not trump the significant inconsistencies and contradictions in their testimony regarding basic information about each other and their marriage. For example, Onohi testified that the couple lived together before they were married, but Debra Onohi testified that the couple did not cohabitate until after they were married in March 1997. Onohi also testified that he purchased his wife's wedding ring at a flea market; however, Debra Onohi testified

6

that Onohi did not buy her a ring and that she purchased her ring prior to their marriage. Additionally, Debra Onohi testified to her belief that Onohi had only completed 12th grade; whereas, Onohi testified to having attained a Bachelor of Science Degree in economics while still living in Nigeria. In light of these significant testimonial inconsistencies and contradictions, the BIA's decision to deny Onohi's application for adjustment of status was supported by substantial evidence.

Onohi additionally challenges the BIA's denial of his Motion to Reopen and Reconsider. Onohi contends that the BIA erred in affirming the IJ's August 23, 2002 decision where the IJ cited the dearth of documentary evidence as a basis for its decision, after it emphasized the importance of testimonial evidence (versus documentary evidence) at Onohi's April 11, 2002 hearing. Onohi additionally argues that the BIA erred in affirming the IJ without addressing the IJ's alleged bias, supposedly demonstrated by his statement that if he wrote the law, an applicant would automatically lose his or her case for lying to the INS. Onohi's arguments are without merit.

First, our power of review extends only to the decision of the BIA. *Kayembe*, 334 F.3d at 234. Only if the BIA expressly adopts or defers to the IJ's findings, will we review the decision of the IJ. *Id.* The BIA neither adopted nor deferred to the IJ's findings. Thus, any assertion regarding the IJ's decision or its underpinnings, including Onohi's allegations regarding the IJ's allegedly improper reliance on the lack of

7

documentary evidence and its supposed bias, are not properly a subject of the instant appeal.

Second, a motion to reconsider, governed by 8 C.F.R. § 1003.2(b), requires an applicant to "specify[ ] the errors of fact or law in the prior Board decision" and to support such errors "by pertinent authority." A motion to reopen, governed by 8 C.F.R. § 1003.2(c), allows an applicant to provide new facts which would be proven if a hearing were granted. The BIA can only grant such a motion if it appears "that the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing . . . ." 8 C.F.R. § 1003.2(c). Onohi has failed to identify actual errors of fact or law in the prior BIA decision, nor has he presented any new facts to be proven at a hearing. Thus, we find that the BIA did not abuse its discretion in denying Onohi's Motion to Reopen and Reconsider.

For these reasons, we will affirm the BIA's decisions to deny Onohi's application for adjustment of status and his Motion to Reopen and Reconsider.

8